**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-20884**
**Summary Calendar**
_____

**EDDIE L. BURNS,**

**Plaintiff-Appellant,**

**versus**

**K-MART CORPORATION,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-97-CV-250)**
_____

**March 22, 1999**

Before POLITZ, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Eddie Burns, a black male, contests the summary judgment in favor of K-Mart, in which he asserted sundry claims of racial discrimination under Title VII and the Texas Commission on Human Rights Act, intentional infliction of emotional distress, and negligent hiring and retention. The parties consented to trial before a magistrate judge.

Of course, we review a summary judgment _de novo_, applying the same standard as the district court. _E.g._, **OHM Remediation Services v. Evans Cooperage Co., Inc.**, 116 F.3d 1574, 1579 (5th Cir. 1997). Such judgment is appropriate where "there is no

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c).

After being employed by K-Mart for approximately 25 years, and having served as the operations manager of one of its stores for the final two years, Burns was terminated. The given reason was poor job performance. He was replaced by a black female.

Burns posits racial discrimination in his termination (claiming both discriminatory and retaliatory termination) and his workplace treatment (promotion, assignments, duties, discipline, and evaluations); maintains that K-Mart's conduct was extreme and outrageous; and asserts that K-Mart negligently hired and retained Burns' supervisors. Pursuant to our *de novo* review of the record and our review of the briefs, except for the workplace treatment claims, discussed *infra*, summary judgment is proper, essentially for the reasons stated in the magistrate judge's opinion. *See* **Burns v. K-Mart Corporation**, No. H-97-0250, mem. op. (S.D.Tex. August 26, 1998).

In that opinion, the magistrate judge granted K-Mart's summary judgment motion on all claims, but without specifically addressing Burns' workplace treatment claims. No doubt, this is because K-Mart failed to specifically address those claims in its motion and supporting brief, notwithstanding seeking judgment "on all of 'Burns'] claims as a matter of law...."

Accordingly, we remand the workplace treatment claims to the district court so that Burns has the opportunity to respond to them when presented properly. *See* FED. R. CIV. P. 56(e).

*AFFIRMED in PART and*
*VACATED and REMANDED in PART*